UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Elliot M. Hirsch,

       Plaintiff,                                    Index number: To be assigned

v.                                                          **Complaint and demand for jury trial**

David Behar and Miami Sephardic Club LLC,

       Defendants

## INTRODUCTION

    1.    Plaintiff Pro Se, Elliot M. Hirsch, brings this action against the Defendants for their intentional malicious harassment and defamation campaign against me. The allegations herein of Plaintiff are based upon personal knowledge and belief as to his own acts and upon information and belief as to all other matters.

    2.    I ask this Court to punish the Defendant with great severity as their actions were wanton, malicious and caused me permanent reputation and emotional damage and cannot be countenanced in a civilized society.

    3.    The injuries and damages suffered by me were direct and intentional consequences of the acts committed by the Defendant. I suffered significant psychological and emotional injuries as a result. Defendant must be held accountable and I filed this Complaint to do just that.

## JURISDICTION AND VENUE

4. Plaintiff brings this suit pursuant to 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, which is a diversity jurisdiction case.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff, Elliot M. Hirsch resides at 7 Saxony Drive, Oakhurst, NJ 07755.

7. Defendant, David Behar and Miami Sephardic Club resides and do business at 455 Alamanda Drive, Hallandale, Florida, 33009.

## STATEMENT OF CLAIM

8. The incidents that gave rise to this action took place on social media platform Instagram.

## FACTS

9. On April 30, 2024, Defendant Behar posted on his personal Instagram account and the Miami Sephardic Club Instagram account, which has approximately 5,000 followers, a statement regarding an incident of vandalism at Temple Moses in Miami Beach, Florida.

10. The post stated that three Jewish men broke into the synagogue and vandalized it, referring to them as criminals and asking the public to identify them.

11. On or about May 1, 2024, Defendant Behar posted another statement on Instagram stating that, based on information received, Plaintiff Elliot Hirsch was one of the three individuals "suspected" of trespassing and vandalizing Temple Moses.

12.     This time the post included a disclaimer stating that Defendants could not conclude Plaintiff was guilty but asserted reliance on received information.

13.     On or about May 4, 2024, Defendant Behar posted a video on Instagram in which he repeated the claim that Plaintiff was "suspected" of vandalizing and trespassing at Temple Moses, stating that Plaintiff caused thousands of dollars in damage.

14.     In the video, Defendant Behar mentioned Plaintiff's name and also claimed that Plaintiff was "suspected" of failing to provide a Get, the Jewish divorce document, to his ex-wife.

15.     Defendant further stated that Plaintiff was associated with the Syrian Jewish community.

16.     Defendant also posted a picture of Plaintiff on Instagram with the caption, "Can someone please give me Mr. Elliot Hirsch's phone number?"

## **FIRST CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if set forth at length herein.

18.     Due to the aforementioned posts and false accusations against me, I have received numerous unsolicited communications from many people accusing me of breaking into and vandalizing a Jewish synagogue. I was contacted by various members of the Orthodox Jewish community concerning the posts made by David Behar.

19.     Murray Betesh, with whom I have unrelated litigation, verbally stated to me during one of my court appearances that I had broken into the shul in Miami.

20.     I have suffered immense humiliation, emotional distress, and harassment as a result of the aforementioned posts by David Behar.

21.     Behar labeled me a criminal and falsely accused me of causing thousands of dollars in damage to a Jewish synagogue.

22.     Defendant further galvanized the Orthodox Jewish public by encouraging them to contact me regarding this incident, which I am uncertain even occurred, and to harass and confront me about it.

23.     Defendant's actions were not limited to a single instance of publicly spreading false claims against me. Defendant defamed me from April 30, 2024, until May 4, 2024, with various posts and further exacerbated the situation by posting a selfie video in which he continued to spread these lies about me. This was not an isolated incident.

24.     Due to the foregoing, Plaintiff has suffered and will continue to suffer from various ailments, including but not limited to Anxiety, Depression, Post-Traumatic Stress Disorder (PTSD), panic attacks, heightened levels of stress, insomnia, and physical symptoms such as headaches, nausea, and loss of appetite. These ailments have significantly impacted my daily functioning and will require ongoing therapy and medical care to address them, potentially for the indefinite future or for the remainder of my life.

**SECOND CAUSE OF ACTION-DEFAMATION**

25.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if set forth at length herein.

26.     With malice and intent, or at the very least with reckless disregard for the truth, Defendant falsely accused me of committing multiple criminal offenses, including trespassing and vandalizing a synagogue—offenses punishable by incarceration, with the potential for a hate crime charge to be added. These accusations render Defendant liable for Defamation per se and Slander per se. Not only did Defendant put these false accusations in writing, but he also verbally stated in a selfie video posted on Instagram that I am "suspected" of breaking into his synagogue and causing thousands of dollars in damage—acts that are criminal and punishable by imprisonment.

27.     Defendant further falsely accused me of being a criminal by explicitly labeling me as someone suspected of committing the crimes of trespassing and vandalism at a Jewish synagogue.

28.     With malice and intent, or at the very least with reckless disregard for the truth, Defendant defamed me publicly to manipulate members of the community into ostracizing me, damaging my reputation, and causing a significant and lasting impact on my personal and professional life.

29.     As a direct result of Defendant's defamatory statements, I have faced multiple rejections from potential employers, hindering my ability to secure employment and causing ongoing financial strain. Additionally, I have been rejected by several potential marriage

prospects within the Jewish community, who, believing the false accusations that I broke into a synagogue and caused damage, no longer wish to pursue a relationship with me.

30. As a consequence of these false and defamatory accusations, I continue to suffer from significant emotional and psychological distress, including but not limited to trauma, hypervigilance, flashbacks, insomnia, severe anxiety, depression, emotional distress, panic attacks, chronic stress, loss of appetite, debilitating headaches, fatigue, difficulty concentrating, and social withdrawal. These conditions are ongoing and have impaired my ability to function normally in both personal and professional settings.

## THIRD CAUSE OF ACTION - FALSE LIGHT

31. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if set forth at length herein.

32. Defendant's statements and posts about Plaintiff, including the accusations of criminal activity, trespassing, vandalizing a synagogue, and failing to provide a *Get* to his ex-wife, misrepresented Plaintiff in a false light to the public, creating a misleading and negative perception of him.

33. The false light in which Plaintiff was placed was highly offensive to a reasonable person and was made with knowledge of, or in reckless disregard for, the falsity of the statements.

34. Defendant's actions, by publishing and circulating these false and defamatory statements, intentionally or recklessly cast Plaintiff in an undesirable and harmful light,

portraying him as a criminal, morally questionable, and someone involved in serious wrongdoing.

35. Defendant further exacerbated the harm by repeatedly contacting Plaintiff's father's medical office, causing significant disruption. Plaintiff's father became angry and expressed that he no longer wanted to receive calls about Plaintiff's personal matters, further amplifying the distress and frustration caused by Defendant's actions.

36. As a direct result of Defendant's actions, Plaintiff has suffered severe emotional distress, humiliation, loss of reputation, and social isolation. Plaintiff's reputation has been damaged, and he has been subjected to public ridicule and scorn, all of which have caused ongoing harm to his personal, professional, and social life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pro Se Elliot M. Hirsch requests that the Court enter an Order, adjudge, and decree in favor of Plaintiff for:

A. An award of Compensatory damages to the Plaintiff in an amount to be determined at trial but not less than $10,000,000.

B. A permanent injunction enjoining the Defendant from speaking about the Plaintiff in any public forum including but not limited to all forms of social media;

C. A permanent injunction preventing the Defendant from contacting me in any form whatsoever, including a no-third party contact provision and preventing the Defendant from engaging in any form of harassment against me or any of my family, friends or acquaintances.

      D.      A permanent injunction enjoining the Defendants to remove all defamatory posts and comments that are still posted on their social media platforms;

      E.      An award of treble as well as punitive damages due to Defendants' actions as willful, wanton, and malicious in any amount to be determined at trial;

      F.      An award of such other and further relief as the Court may deem just and proper.

## PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11. I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case..

Dated: 2/22/2025

Elliot M. Hirsch

Signature: _____

Plaintiff, Elliot M. Hirsch resides at 7 Saxony Drive, Oakhurst, New Jersey, 07755, Plaintiff's email address is elliothirschlaw@gmail.com , Plaintiff's cell phone number is 917 750 0418